UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 23-cv-80999-ROSENBERG/REINHART

MIAMI LEAK DETECTION
& SERVICES LLC,

        Plaintiff,

v.

GREAT LAKES INSURANCE SE,

        Defendant.

_____/

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS [ECF No. 23]

THIS CAUSE is before the Court on Defendant Great Lakes Insurance SE's ("Defendant" or "Great Lakes") Motion for Award of Attorneys' Fees and Costs, ECF No. 23 (the "Motion"). Plaintiff Miami Leak Detection & Services LLC ("Plaintiff" or "Miami Leak") did not file a response and the time to do so has passed. Pursuant to the Court's Order to Show Cause (ECF No. 31) Great Lakes filed a supplement to its Motion explaining its basis for seeking attorneys' fees, ECF No. 32. Having reviewed the Motion, the Supplement, and being otherwise fully advised, it is hereby **RECOMMENDED** that Motion (ECF No. 23) be **GRANTED IN PART AND DENIED IN PART**. Great Lakes should receive costs totaling $402.00 but should not receive an award of attorneys' fees.

## BACKGROUND

Palm Coast Plaza Resolution LLC (the "Insured") purchased a property insurance policy from Great Lakes on September 23, 2021 (the "Policy"). *See* ECF

Nos. 21 at 1; 32 at 2. According to the Complaint, the Insured suffered a loss to its insured property on June 4, 2022. ECF No. 1-2 ¶ 12. Sometime thereafter, the Insured entered into an agreement with Miami Leak, assigning the post-loss benefits from the property damage to Miami Leak. *Id.* ¶¶ 13–14; ECF No. 21 at 3.

After entering into the assignment agreement with the Insured, Miami Leak served a written notice of intent to initiate litigation on Great Lakes. ECF Nos. 1-2 ¶ 14; 23-1 at 3; 32 at 1. Miami Leak's pre-suit demand was $155,020.03. ECF Nos. 23-1 at 3; 32 at 1. Great Lakes declined the demand, and Miami Leak filed this action for breach of contract. ECF Nos. 23-2 at 2; 1-2 at 4–7.

On October 18, 2023, the Court dismissed the action. ECF No. 21. The Court held that the Insured's assignment to Miami Leak was invalid due to an anti-assignment provision in the Policy, and thus no contractual relationship existed between Miami Leak and Great Lakes to support a breach of contract claim. *Id.* at 10–11. Great Lakes now seeks its attorneys' fees and costs for litigating this action. ECF No. 23. The Motion is ripe for decision.

## DISCUSSION

Great Lakes moves for attorneys' fees pursuant to Section 627.7152(10)(a)(1) of the Florida Statutes (the "Assignment Statute"), as effective from July 1, 2019, to May 25, 2022. ECF No. 23. The Assignment Statute provides, in relevant part:

> (10) Notwithstanding any other provision of law, in a suit related to an assignment for post-loss claims arising under a residential or commercial property insurance policy, attorney fees and costs may be recovered by an assignee only under s. 57.105 and this subsection.
>
> (a) If the difference between the judgment obtained by the assignee and the presuit settlement offer is:

> 1. Less than 25 percent of the disputed amount, the insurer is entitled to an award of reasonable attorney fees.

FLA. STAT. § 627.7152(10)(a)(1) (July 1, 2019). Great Lakes says that (1) Miami Leak made a pre-suit demand of $155,020.03; (2) Miami Leak obtained a judgment of no award (i.e., less than 25% of $155,020.03); and (3) Great Lakes (as the "insurer") is therefore entitled to an award of reasonable attorneys' fees under the Assignment Statute. ECF No. 23.

Notably, the Assignment Statute was revised on May 26, 2022, and again on December 16, 2022. While the earlier version of the Assignment Statute that was effective through May 25, 2022, contains the fee-shifting provisions of Section 10(a), the subsequent revisions do not. *Compare* FLA. STAT. § 627.7152(10)(a)(1) (July 1, 2019) *with* FLA. STAT. § 627.7152(10) (May 26, 2022) *and* FLA. STAT. § 627.7152(10) (December 16, 2022).

Great Lakes argues that it is entitled to its attorneys' fees because the earlier version of the Assignment Statute applies. ECF No. 32. Specifically, Great Lakes argues that "the issue is governed by the statute in effect at the time the [P]olicy was issued," and the Policy was issued while the earlier version of the Assignment Statute was in effect. *Id.* at 2. For this argument, Great Lakes relies on *JPJ Companies, LLC v. Hartford Insurance Company of the Midwest*, No. 19-cv-81696, 2020 WL 264673 (S.D. Fla. Jan. 17, 2020). *Id.* at 3–4. In *JPJ Companies*, the Court held that the Assignment Statute, enacted *after* the issuance of an insurance policy, did not bar the plaintiff's recovery of attorneys' fees under a previously existing statute because the

3

Assignment Statute could not retroactively apply to impair substantive vested rights. 2020 WL 264673, at *1–2.[1]

Great Lakes' argument is flawed, however, because it never had a vested right in the attorneys' fees sought. The statute under which Great Lakes seeks its attorneys' fees is titled "Assignment Agreements." FLA. STAT. § 627.7152(10)(a)(1) (July 1, 2019). The Assignment Statute entitles an insurer to recover its reasonable attorneys' fees, where "the difference in judgment *obtained by the assignee* and the presuit settlement offer is: (1) Less than 25 percent of the disputed amount[.]" *Id.* (emphasis added). The term "assignee" is defined in the statute as "a person who is assigned post-loss benefits through an assignment agreement." FLA. STAT. § 627.7152(1)(a) (July 1, 2019). This case was dismissed, however, on the grounds that there was *no assignment agreement* because assignment the Policy explicitly prohibited an assignment. *See* ECF No. 21. Because there could be no assignment under the Policy, Miami Leak was never an "assignee" as defined in the Assignment

---

[1] The defendant moved for reconsideration of this finding, arguing that the rights vested instead at the time of assignment, but the Court declined to resolve the issue as it would not have changed the ultimate holding. *See JPJ Companies, LLC v. Hartford Insurance Company of the Midwest,* No. 19-cv-81696, 2020 WL 1043798 (S.D. Fla. Mar. 4, 2020). Other courts have since found that the date of assignment controls. *See Total Care Restoration, LLC v. Citizens Prop. Ins. Corp.*, 337 So. 3d 74, 77 (Fla. 4th DCA 2022) ("This case does not involve the application of a statute to a preexisting insurance policy; it concerns a statute's application to an assignment created after the effective date of the statute. Thus, section 627.7152—the law in effect at the time the assignment of benefits was executed—was properly applied to the assignment in this case."); *see also Kidwell Grp., LLC v. Am. Integrity Ins. Co. of Fla.*, 347 So. 3d 501, 507 (Fla. 2d DCA 2022) ("Accordingly, the law in effect at the time the parties executed the AOB controls."); *Kidwell Grp., LLC v. Olympus Ins. Co.*, 346 So. 3d 658, 659 (Fla. 5th DCA 2022) ("We conclude that Kidwell's argument is without merit because the operative date for purposes of the statute is the date of the assignment, not the date the insurance policy was issued.").

Statute, and Great Lakes never had a vested right to attorneys' fees from Miami Leak. *See Castilla Roofing, Inc. v. Hartford Ins. Co. of the Midwest*, No. 2:19-cv-613-FtM-38MRM, 2020 WL 821051, at *3 (M.D. Fla. Jan. 30, 2020) ("In other words, the statute [627.7152] only applies if an assignment agreement exists."). Indeed, Great Lakes could not reasonably believe that any rights would vest through an assignment agreement when it included the anti-assignment clause in the Policy. Because Great Lakes points to no other source of entitlement to attorneys' fees, and the Assignment Statute (in any version) does not apply to Miami Leak, the Court recommends that the request for fees be DENIED.

However, Great Lakes is still entitled to recover its costs pursuant to Federal Rule of Civil Procedure 54. Rule 54 provides that "costs—other than attorneys' fees—should be allowed to the prevailing party," unless a statute, rule, or court order provides otherwise. FED. R. CIV. P. 54. Great Lakes is the prevailing party in this action, as all claims against it were dismissed with prejudice by the Court. *See* ECF No. 21. Miami Leak does not dispute that Great Lakes prevailed in this action.

Great Lakes seeks to recover a total of $402.00 paid as a filing fee for its Notice of Removal initiating this action in federal court. ECF Nos. 23 at 3; 23-3 at 13. Filing fees are recoverable under 28 U.S.C. § 1920(1). *See Williams v. R.W. Cannon, Inc.*, 657 F. Supp. 2d 1302, 1315–16 (S.D. Fla. 2009) (noting that filing fees are recoverable under 28 U.S.C. § 1920). Additionally, Miami Leak does not dispute that Great Lakes is entitled to recover its filing fee. As such, the Court recommends that Great Lakes'

request for costs be GRANTED. Great Lakes should recover a total of $402.00 in costs for its filing fee.

## RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that Defendant Great Lakes Insurance SE's Motion for Award of Attorneys' Fees and Costs (ECF No. 23) be **GRANTED IN PART AND DENIED IN PART**. Great Lakes should receive an award of $402.00 in costs and should not receive an award of attorneys' fees.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robin L. Rosenberg, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE (5) DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 3rd day of May 2024.

BRUCE E. REINHART
United States Magistrate Judge